UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GEORGE C. BANKS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16 CV 162 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion by Petitioner George Banks to vacate his sentence under 28 U.S.C. § 2255. Banks asserts that, under Johnson v. United States, 135 S. Ct. 2551 (2015), he is no longer subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"). Respondent United States of America opposes the motion, arguing that Johnson does not entitle Banks to relief. For the reasons that follow, I will deny Banks' motion. However, I will grant Banks a certificate of appealability.

**I.    Background**

On April 19, 2006, Banks pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On June 27, 2006, at Banks' sentencing hearing, it was determined that Banks was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).

1

The following three predicate convictions for ACCA purposes were identified in Banks' Presentence Report ("PSR") at the time of sentencing:

(i) Felony Delivery of a Controlled Substance and Sale of Marijuana, September 7, 1983, Circuit Court of Sedgwick County, Kansas, Case. No. 83 CR 311;

(ii) Felony Second Degree Burglary, April 6, 1993, Circuit Court of Pemiscot County, Missouri, Case No. CR 592-180 F; and

(iii) Felony First Degree Burglary, February 9, 1994, Circuit Court of Dunklin County, Case No. CR 393-902 FX.

I sentenced Mr. Banks to a term of imprisonment of 180 months which is the minimum sentence under 18 U.S.C. § 924(e)(1). Mr. Banks did not file a direct appeal of his conviction or sentence.

Before the present case was filed, Banks filed nine previous motions to vacate pursuant to 28 U.S.C. § 2255.

On April 25, 2016, Banks filed an application with the United States Court of Appeals for the Eighth Circuit for permission to file a successive 28 U.S.C. §2255 petition. See George Banks v. United States, No. 16-1992. Banks sought to file for relief based on the decision in Johnson that the residual clause of the ACCA was unconstitutionally vague. The Eighth Circuit granted Banks

permission to file a successive habeas corpus petition on June 20, 2016.  Banks filed the present case on June 24, 2016.

**II.  Legal Standard**

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Banks bears the burden to show he is entitled to relief. Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970).  See also United States v. Thornton, 766 F.3d 875, 878 (8th Cir.2014) (requiring the Government to prove at sentencing, by a preponderance of the evidence, that the defendant pled guilty to a qualifying ACCA offense).

Because this is not his first Section 2255 habeas petition, Banks must show that his claim meets the requirements under 28 U.S.C. § 2244(b)(4).  Specifically, 28 U.S.C. § 2255(h)(2) authorizes a second or successive habeas motion if it involves "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

**III.  Analysis**

Banks asserts that he meets the successive habeas motion standard because his motion to vacate is based on Johnson which announced a new rule of constitutional law.  In his motion to vacate Banks argues that, under the ruling in Johnson, he no longer had three predicate offenses.  He argues that his conviction

for second degree burglary is not a predicate offense because it was based on a Missouri second degree burglary statute which includes the burglary of an inhabitable structure. Banks' charging information for second degree burglary indicates he unlawfully entered an inhabitable structure. Banks argues that Missouri's second degree burglary statute is overbroad because it encompasses burglary of a building *or* inhabitable structure. Banks argues that, for ACCA purposes, the enumerated crime of burglary is confined to the generic definition of burglary which is limited to the burglary of a "building or structure." See Taylor v. United States, 495 U.S. 575, 599 (1990). Banks argues that the Missouri's second degree burglary statute is overbroad as a whole or overbroad to him based on the inclusion of "inhabitable structure" and, as a result, was improperly classified in his case as a predicate violent felony offense.[1] Banks further relies on Mathis v. United States, 136 S. Ct.2243 (2016) in support if his argument.[2]

The Respondent contends that Banks' claim is not cognizable in a successive Section 2255 habeas action because it is not based on a new rule of constitutional law. Respondent argues that the holding in Johnson is limited to the ruling that the ACCA's residual clause is unconstitutionally vague. Respondent argues that

---

[1] The United States Court of Appeals for the Eighth Circuit has recently held that a violation of Missouri's second degree burglary statute does not qualify as a violent felony under the ACCA. Naylor v. United States, ___ F.3d ___, 2018 WL 1630249, Case No. 16-2047, April 5, 2018.

[2] Mathis clarified that the modified categorical approach does not apply when the statute lists "diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense." 136 S. Ct. at 2249.

Banks' classification as an armed career criminal was based on his crime of burglary, and enumerated offence under the ACCA, and was not based on the residual clause.  Respondent asserts that <u>Johnson</u> does not open the door for a review of the underlying predicate offenses. Respondent argues that because Banks' sole ground for relief seeks a review of his second degree burglary conviction, the holding in <u>Johnson</u> does not support Banks motion for relief.

In his reply brief, Banks initially asserts that he is not seeking relief under <u>Mathis</u> or under <u>Descamps v. United States</u>, 133 S. Ct. 2278 (2013).[3]  Later in his reply, however, Banks reasserts that <u>Mathis</u> and <u>Descamps</u> are "important instruction from the Supreme Court on how to analyze state statutes … to determine whether or not a prior conviction is a violent felony." [Doc. # 12, Pet. Reply at 2]  He argues that his second degree burglary conviction should be reviewed under the standards of <u>Mathis</u> and <u>Descamps</u>.  Banks also argues, that at the time of his sentence, precedence in the United States Court of Appeal for the Eighth Circuit held that the offense of second degree burglary was deemed to be an offense that fell within the definition of a violent felony for purposes of the ACCA's residual clause.  In support of this proposition, Banks cites to cases limited to sentences under the United States Sentencing Guidelines only two of which predate Banks' sentencing.

---

[3] The Supreme Court in <u>Descamps</u> held that courts may not rely on the modified categorical approach in determining whether a conviction qualifies under the ACCA unless a statute is divisible.

5

### A. The ACCA and Johnson

Ordinarily, the crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of ten years. 18 U.S.C. § 924(a). The ACCA requires a fifteen-year minimum sentence enhancement if a person who violates Section 922(g) has three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). The statute defines violent felony as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The Johnson court invalidated the italicized portion of the statute, commonly known as the "residual clause." *See* Johnson, 135 S. Ct. at 2556-57. The other clauses, Section 924(e)(2)(B)(i) (the "elements clause"), and the first portion of Section 924(e)(2)(B)(ii) (the "enumerated offenses clause"), remain in effect. Id. at 2563. The Supreme Court subsequently confirmed that Johnson announced a new substantive rule which applies retroactively to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

### B. <u>Johnson</u> Relief is not Available to Banks

Responded asserts that Banks is not entitled to successive habeas relief in this case. Because this is Banks' successive habeas motion he must show that he is entitled to relief "under a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Banks asserts that he is entitled to relief under the ruling in <u>Johnson</u>. But that ruling only provided relief to defendants who were found to be armed career criminals based on the ACCA residual clause. Banks has not provided any evidence that he was found to be an armed career criminal under the residual clause. Nor does anything in the record at the time of sentencing suggest that Banks was deemed to be an armed career criminal under the residual clause.

The Presentencing Report states that Banks was an armed career criminal based on his felony drug conviction and based on the enumerated offenses under the ACCA of burglary. The residual clause was never raised at the sentencing hearing on June 27, 2006. At sentencing, I found that Banks had the predicate offenses to establish that he was an armed career criminal. [<u>United States v Banks</u>, 1:05 CR 27 RWS, Doc. # 61 Sent. Trans. p. 24]

Based on the foregoing, I find that Banks has not carried his burden to establish that he was sentenced under the residual clause of the ACCA. As a result, he is not entitled to relief under the holding in <u>Johnson</u>.

To the extent that Banks seeks relief under Johnson to review of whether his second degree burglary conviction qualified as a violent felony under the enumerated clause of the ACCA, such a review is beyond the holding in Johnson. I am empathetic that if Banks were sentenced today, his conviction for second degree burglary would not qualify as a predicate offense for ACCA purposes. However, the review of Banks' successive motion to vacate is limited to the new constitutional rule of law announced in Johnson. Moreover, the parties in this litigation agree that neither Descamps nor Mathis are retroactively applicable to cases on collateral review. See, e.g., United States v. Forrest, No. 4:08 CR 3125, 2017 WL 6205790, at *2 (D. Neb. Dec. 6, 2017) (It is undisputed that Mathis and Descamps are not retroactive). As a result, neither of these cases can support Banks's motion for relief.

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To grant such certificate, the judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

I will issue a certificate of appealability on the issue of whether Banks was sentenced under the residual clause of the ACCA. In addition, Banks may appeal whether Johnson allows him to challenge his predicate offense of second degree

burglary and whether Banks was impermissibly found to be an armed career criminal and sentenced to a term longer than permitted by statute. Some courts have determined that Johnson allows collateral review of the underlying predicate offenses under the ACCA. See Hardman v. United States, 149 F.Supp.3d 1144 (2016).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner George C. Banks' Motion to vacate under 18 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED that** this court will issue a certificate of appealability.

An appropriate judgment will accompany this Memorandum and Order.

                                                                  RODNEY W. SIPPEL
                                                                   UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2018.